IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

        Respondent,

V.                                        CRIMINAL NO. 3:06-00014-01
                                           (CIVIL ACTION NO. 3:07-0134)

REBECCA L. COLLINS,

        Movant.

## **FINDINGS AND RECOMMENDATION**

This matter comes before the Court on Rebecca L. Collins' "Motion for Sentence Modification." On June 12, 2006, Rebecca L. Collins was sentenced to a term of imprisonment of forty-one months following her plea of guilty to the charge of conspiring to distribute oxycodone. She is presently incarcerated at the Federal Prison Camp, Alderson, West Virginia. As the Court is aware, movant suffers from numerous, serious ailments. Describing her physical condition and setting forth her belief that she is not receiving proper treatment at present, movant asks that her sentence be modified and that she be permitted to serve a portion of the sentence on house arrest or home confinement. Additionally, noting the Court's recommendation that she be allowed to participate in the "Comprehensive Drug Abuse Treatment Program," movant requests that the Court order her to complete the Residential Drug Abuse Program so that "the B.O.P. would be obligated to provide Ms. Collins with the psychological help and training that she so desperately needs."

With respect to movant's request for sentence modification, as the Court is aware and as is apparent from the response of the United States to the motion, the Court's authority to modify a sentence is narrow and no basis is presented in the motion for exercising that authority. Movant's suggestion that the Court enter an order directing her to complete the Residential Drug Abuse Program does not appear feasible.  If denied admission to the program, she can, under limited circumstances, seek relief in federal court by writ of habeas corpus, naming her custodian or warden as the party respondent. However, before seeking relief in the courts, movant must exhaust her administrative remedies.[1] Although movant indicates that she has had an interview with the RDAP coordinator and her request for entry into the program was denied, it does not appear that she has sought review of that decision or exhausted her administrative remedies.

### RECOMMENDATION

On the basis of the foregoing, it is **RESPECTFULLY RECOMMENDED** that the motion of Rebecca L. Collins for sentence modification be denied, such denial to be without prejudice insofar as it relates to her request for an order relating to the Residential Drug Abuse Program.

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that the parties may, within thirteen days of the date of filing these Findings and

---

[1] See, generally, Sandborn v. Gutierrez, No. Civ.A. 205CV33, 2005 WL 1530251 (N.D. W.Va. June 28, 2005)(unpublished). The administrative process is set forth in 28 C.F.R. §542.10, et seq.

Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to transmit a copy of the same to movant and all counsel of record.

DATED: June 29, 2007

/s/ Maurice G. Taylor, Jr.
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE